UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>CVAH, INC.,<br><br>      Debtor.<br><br>NOAH G. HILLEN, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of the above-reference Debtor,<br><br>  Plaintiff,<br><br>      v.<br><br>U.S. BANK, N.A. and Does 1 -5,<br><br>  Defendants. | Case No. 1:16-cv-343-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Defendant U.S. Bank, N.A.'s Motion to Withdraw the Reference (Dkt. 1). As explained further below, the Court will grant the motion but will delay withdrawing the reference until the bankruptcy court has prepared proposed findings, conclusions of law, and/or a recommended disposition of the matter.

## BACKGROUND

In May 2014, CVAH, Inc. filed a Chapter 7 bankruptcy petition. CVAH has virtually no assets and its only creditors are state and federal taxing authorities.

Roughly one year after CVAH filed its petition, the Trustee initiated approximately 40 separate adversary proceedings seeking to recover payments CVAH (or its principal) had previously made to various entities. These payments, taken together, total around $4 million. The Trustee alleges that these payments were constructively fraudulent and thus seeks to recover the monies for CVAH's bankruptcy estate.

In his complaint against U.S. Bank, the Trustee alleges three fraudulent-transfer claims. In his first claim for relief, the Trustee invokes 11 U.S.C. § 544(b)(1)[1] as well as the federal Fair Debt Collection Practices Act (FDCPA) in his effort to recover the payments. In his second claim, the Trustee invokes Idaho's fraudulent transfer statutes. In a third claim for relief, the Trustee invokes 11 U.S.C. § 548(a)(1).

In June 2016, the bankruptcy court ordered U.S. Bank to either: (1) consent to entry of judgment by the bankruptcy court; or (2) move to withdraw the reference. U.S. Bank responded with the pending motion to withdraw the reference.

In October 2016, the bankruptcy court entered a procedural order in various CVAH adversary proceedings, including this one. *See Bankr. Dkt.* 25. That order establishes pretrial deadlines, including deadlines for amending the pleadings, adding parties, completing discovery, and filing pretrial motions. Additionally, the bankruptcy court indicated that after resolving pretrial motions, it anticipates following two different tracks, depending on whether the various adversary defendants had timely demanded a

---

[1] Section 544(b)(1) provides, with certain exceptions, that the bankruptcy trustee "may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title."

**MEMORANDUM DECISION & ORDER - 2**

jury trial.  For those defendants who did not demand a jury trial, the bankruptcy court "anticipates scheduling a status conference to consider, among other things, selection of dates for a prompt trial before this Court [i.e., before the bankruptcy court]." *Id.* at 4.  If, on the other hand, a party had timely requested a jury trial, the bankruptcy court anticipates "referral of this action to the U.S. District Court for trial." *Id.*

U.S. Bank has not demanded a jury trial and is mostly content with the bankruptcy court's plan for handling the matter.  But there are two exceptions.  First, U.S. Bank asks the Court to withdraw the reference for "any dispositive motion regarding the unsettled federal law question regarding the scope of the FDCPA statute of limitations." *Reply,* Dkt. 3, at 5.  Second, U.S. Bank asks the Court to withdraw the reference before any bench trial is conducted.  *Id.*

## ANALYSIS

Federal district courts have original jurisdiction over cases arising under the Bankruptcy Code.  28 U.S.C. § 1334(a).  This Court has exercised its authority under 28 U.S.C. § 157(a) to refer all bankruptcy matters to the district's bankruptcy judges.  *See Apr. 24, 1995 Third Amended General Order.*  Nevertheless, under 28 U.S.C. § 157(d), this reference is subject to mandatory or permissive withdrawal, depending on the circumstances.  *See* 28 U.S.C. § 157(d).  Section 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. *The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.*

U.S. Bank argues that both mandatory and permissive withdrawal apply here.

### 1.  Mandatory Withdrawal

As the statute specifies, withdrawal is mandatory in cases requiring material consideration "of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  *Id.*  Here, as noted earlier, the Trustee's first claim for relief invokes the FDCPA, which is indisputably a non-title 11, federal law that affects interstate commerce.  *See* 15 U.S.C. § 1692a(6).  The Court is thus obligated to withdraw the reference as to Count I of the Trustee's complaint.[2]  The Court will not withdraw the reference at this stage, however, for at least two reasons.

*First*, just because withdrawal is mandated does not mean the Court must immediately withdraw the reference.  Rather, the Court may delay withdrawing the reference until after the bankruptcy court conducts a bench trial and submits proposed findings and conclusions to this Court for its de novo review and entry of judgment.  *See generally* 28 U.S.C. § 157(c)(1); *Executive Benefits Ins. Agency v. Arkison,* 134 S. Ct. 2165, 2174 (2014); *cf. Beck v. Ally Fin., Inc.*, Case No. 13-mc-16, 2013 WL 5676232, at *1 (S.D. Ala. Oct. 18, 2013) (district court granted motion for withdrawal after determining mandatory withdrawal applied, but nevertheless "delay[ed] the withdrawal until the Bankruptcy Court certifies that the case is ready for trial"); 1 *Collier on Bankruptcy* ¶ 3.04[2] (16th ed. 2015) (observing that even when withdrawal is

---

[2] The rationale for this decision is more thoroughly explained in any number of earlier decisions regarding the identical issue.  *See, e.g., Hillen v. Target Motors, Inc. (In re CVAH, Inc.)*, Case No. 1:15-cv-359-BLW, 2015 WL 6958026, at *1-3 (D. Idaho Nov. 10, 2015).

**MEMORANDUM DECISION & ORDER - 4**

mandatory, district courts have permitted bankruptcy courts to conduct pretrial proceedings, citing *PBGC v. Pan Am Corp. (In re Pan Am Corp.)*, 133 B.R. 700, 701 (S.D.N.Y. 1991) (although withdrawal was mandatory, the district court remanded the case to the bankruptcy court to submit proposed findings of fact and conclusions of law)).

*Second,* as noted above, although U.S. Bank has some objections to the bankruptcy court handling certain pretrial motions (which objections are addressed below), the bank is otherwise satisfied with having the bankruptcy court preside over pretrial matters.

**2.      Permissive Withdrawal**

Having concluded that an immediate withdrawal is not necessary, the next question is whether the "cause" factors associated with permissive withdrawal weigh in favor of an immediate withdrawal of all or part of this proceeding.

Withdrawal is permissive in any case or proceeding referred to a bankruptcy court upon the district court's own motion, or on a party's timely motion for "cause shown." 28 U.S.C. § 157(d). The statute does not specify what is necessary to show "cause," but courts have identified a variety of factors that may be considered, including: (1) the efficient use of judicial resources; (2) delay and costs to the parties; (3) uniformity of bankruptcy administration, (4) prevention of forum shopping; and (5) other related factors. *Sec. Farms,* 124 F.3d at 1008. "Other related factors" might include whether the issues are core or non-core proceedings, as well as the right to a jury trial. *See Rosenberg v. Harvey A. Brookstein*, 479 B.R. 584, 587 (D. Nev. 2012) (citation omitted).

### A. The Trustee's "Stern" Claims

The Court begins by observing that the fraudulent conveyance claims at issue in this case are statutorily defined as "core" proceedings. *See* 28 U.S.C. § 157(b)(2)(H). Congress has empowered bankruptcy courts to enter a final judgment on such claims. *See* 28 U.S.C. § 157(b)(1). But in the wake of the Supreme Court's landmark decision in *Stern v. Marshall,* 131 S. Ct. 2594 (2011), the Ninth Circuit held that bankruptcy courts lack the constitutional authority to enter final judgments on fraudulent conveyance claims. *See In re Bellingham Ins. Agency, Inc*., 702 F.3d 553 (9th Cir. 2012), *aff'd,* 134 S. Ct. 2165 (2014) ("fraudulent conveyance claims . . . cannot be adjudicated by non-Article III judges."). Nevertheless, the Supreme Court recently clarified that so-called "*Stern* claims" – which include the fraudulent transfer claims at issue here – may comfortably proceed under the procedure set forth in 28 U.S.C. § 157(c)(1). *See Executive Benefits Ins. Agency v. Arkison,* 134 S. Ct. 2165, 2174 (2014).

The procedure laid out in § 157(c)(1) involves the bankruptcy judge "hearing" a non-core proceeding and then submitting proposed findings of fact and legal conclusions to the district court for de novo review. In full, § 157(c)(1) provides:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

11 U.S.C. § 157(c).

Thus, in this case, the bankruptcy court may "hear" the Trustee's fraudulent transfer claims, and submit proposed findings of fact and conclusions of law to the district court. *Id.* Further, if either party files a dispositive motion, the bankruptcy court may entertain that motion and submit proposed findings of fact, conclusions of law, and a recommended disposition of the case to this Court. *See Bellingham Ins. Agency*, 702 F.3d at 565 (bankruptcy courts have the statutory power "to hear fraudulent conveyance cases and to submit reports and recommendations to district courts").

In light of this authority, the Court is not persuaded that withdrawal is necessary or appropriate at this point. Rather, at this point in the proceedings, the Court's central concern is how it can best help the parties achieve a just, speedy, and inexpensive resolution of their claims. *Cf.* Fed. R. Civ. P. 1. Many of the other "cause" factors relevant to permissive withdrawal – including efficiency, cost, and delay – speak to this concern.

### B. Efficiency; Cost; Delay; Uniformity

This case is in its beginning stages, but, as noted above, the bankruptcy court has already entered a procedural order with an eye to resolving pretrial motions in this matter by the spring or summer of 2017. *See Procedural Order* ¶ 5.A & B. Further, the bankruptcy court has expended significant time and effort over the past two and one-half years becoming familiar with the underlying bankruptcy proceeding. (CVAH, Inc. filed a chapter 7 petition in May 2014). The bankruptcy court is also presiding over numerous, similar adversary proceedings within the CVAH bankruptcy. *See generally Aug. 26, 2016 Tentative Decision re Plaintiff's Motion to Lift Stay in Adversary Proceeding and*

**MEMORANDUM DECISION & ORDER - 7**

*Consolidate Discovery,* Bankr. Dkt. 21.  Thus, the bankruptcy court is far more familiar with entire CVAH bankruptcy – including the various adversary proceedings – than is this Court.  This familiarity will enable the bankruptcy court to move this case along more quickly than this Court could.  Further, there is a very real possibility that this case – like most cases – will resolve before trial.

Granted, if a case does proceed to trial, there will be judicial efficiency losses because a second court will have to familiarize itself with the case.  Further, this Court may be required to conduct a de novo review of the bankruptcy court's proposed findings and conclusions on dispositive motions and after any bench trial.  As U.S. Bank has correctly noted, such a procedure could increase costs to the parties and cause some delay.  But the Court is not persuaded by U.S. Bank's general argument that withdrawal will be "meaningless" if it does not occur immediately, or if the bankruptcy court is allowed to entertain dispositive motions – including those on the FDCPA statute-of-limitations issue – and submit proposed findings and conclusions to this Court.  After all, that is precisely the procedure outlined in 11 U.S.C. § 157, which the Supreme Court has sanctioned as an appropriate method for resolving *Stern* claims.

As for U.S. Bank's related argument that any bench trial should be conducted only in this Court – and not in the bankruptcy court – the Court will deny that motion, with the understanding that the bankruptcy court will conduct the bench trial and submit its proposed findings and conclusions to this Court for de novo review and entry of final judgment.  In conducting this review, the Court will consider the record has it has been

developed and, if the Court deems it necessary, will take additional evidence or recall witnesses.

C. **Prevention of Forum Shopping**.

Lastly, regarding the forum-shopping factor, the Court is unpersuaded by the Trustee's assertion that the defendant has engaged in forum shopping. U.S. Bank filed its withdrawal motion early in the proceedings, largely in response to the bankruptcy court's order that such motions be made within a fourteen-day period. This factor is therefore neutral.

## CONCLUSION

After having considered all of the above factors, the Court concludes that neither permissive nor mandatory withdrawal is warranted at this time. The Court will, however, withdraw the reference at the conclusion of any bench trial.

## ORDER

For all the foregoing reasons, **IT IS ORDERED that:**

1) Defendant's Motion to Withdraw the Reference (Dkt. 1) is granted in part and denied in part as follows:

2) The Motion is **DENIED** to the extent defendant seeks an immediate withdrawal.

3) The Motion is **GRANTED** to the extent defendant seeks withdrawal at the conclusion of any bench trial in the bankruptcy court.

4) The bankruptcy court will preside over all pretrial matters in this case, including discovery and pretrial conferences, and will resolve routine and

dispositive motions. If either party files a dispositive motion, the bankruptcy court will entertain that motion and submit proposed findings of fact, conclusions of law, and a recommendation for disposition to this Court.

5) If a bench trial becomes necessary, the bankruptcy court will conduct that trial and submit proposed findings and conclusions and a proposed judgment to this Court for its de novo review and entry of final judgment.

6) The parties shall file all motions, pleadings, and other papers in the adversary proceeding in bankruptcy court until further notice from the bankruptcy court.

DATED: December 15, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court